The Chief Justice, delivered the following opinion, of the court: — The questions to be decided in this court, are, first, whether the evidence on the part of Bell, the plaintiff in the circuit court, was sufficient to take the case out of the statute of limitations, or not. 2d, Whether the court ought not to have instructed the jury as to the law of the case, and then have left it with them, to determine, whether an acknowledgment of the debt, or a promise to pay it, had been proved to have been, made within the five years. And, 3d, Whether the plea, of non-assumpsit, and the issue thereupon, is too imperfect td be sustained, after verdict; especially, after a general finding for the defendants, both on that plea, and: the plea of the statute of limitations.
Upon the first point, we have had occasion to review and consider the English decisions on the construction pf their statute of limitations ; in hopes, that as their Statute was similar to ours, we might derive from those *302 decisions, satisfactory light. But it seems to us thai many of those decisions have gone unwarrantable lengths in evading the statute ; and that some of them have, indeed, amounted to a total disregard of its provisions. In some eases (a), it is said that the slightest acknowledgment will be sufficient. And in one case, where the defendant said to the plaintiff, “ I am willing to settle with you, but I owe you nothing,” it was adjudged such an acknowledgment of the debt, as would take it out of the statute. A plain man, whose understanding had not been perverted by legal refinements and subtleties, sq far from considering these expressions as an acknowledgment of the debt, or a promise to pay it, would have considered them as a positive denial of the existence or justice of the claim.
An iiTue informally made up, is good after verdift.
Many of the Englifh decifi-©ns have gone unwarrantable lengths to e•vade the ftatute of limitations.
These decisions of the English courts, being only their construction of their own statute, we are free to declare, we do not consider them as obligatory upon us, in giving a construction to our statute, although similar in. its provisions to theirs ; and that so far as they have gone upon nice refinements, for the purpose of evading the statute, they must be disregarded.
The statute of limitations, although frequently contemned, is a wise, and beneficial law. It was made to prevent raising up stale demands, after the true state of the transaction may be forgotten, through length of time to prevent the injury that would very frequently arise from the death or removal of witnesses ; and it tends tq the speedy adjustment of disputes, and the suppression of perjury. No case, therefore, to which the statue had once attached, should be taken out of its operation, unless it is clearly out of the mischiefs intended to be guarded against by the statute ; and unless, it can be. brought within some general rule, intelligible to the. community, so as to avoid the uncertainty so.frequently, the reproach of the law. If “ the slightest acknowledg-. merit if strained constructive acknowledgments, and, promises, are held sufficient, it must multiply litigation ;■ produce endless uncertainty ⅜ and, it is to be feared, a, fruitful crop of perjury. Slight circumstances, and a, man’s loose expressions, would frequently be construed, into “ slight acknowledgments of the debt,” when he, himself, neither intended to make, or undertood himself, as making, any acknowledgment at all. Instances of tips, *303 kind, it is apprehended, are frequent in the books ; but the example is too dangerous to be countenanced.
Upon the whole, we are of opinion that the only safe rule that can be adopted, capable of any reasonable degree of certainty, is, that in order to take the case out of the statute of limitations, an express acknowledgment of the debt, as a debt due at that time, (coupled with the original consideration) or an express promise to pay it, -must be proven to have been made, within the time prescribed by the statute. And we are of opinion that the acknowledgments of David Rowland, deceased, proved upon the trial, as stated in the bill of exceptions, were not such express acknowledgments, orpromise, as could, by law, take the case out of the operation of the statute.
The utmost extent of his acknowledgment was, “ That he had once owed the plaintiff, but he supposed his brother had paid it in Virginia (the place where the original transaction took place, in the year 1785) ; and if his brother had not paid it, he owed it yet.” This was far from an acknowledgment of a debt due, or subsisting at that time, when he insisted the debt had been paid by his brother.
But it has been contended, that if his brother had in fact paid it, he could and ought to have proved the payment. As well might it be contended, that if he had paid the debt himself, he could and ought to prove it. In either ease, it would be requiring of him, what the statute clearly intends shall not be required; that he shall make proof of the payment. The statute goes upon the presumption, that payment has been made ; and that after the lapse of time, proof cannot be reasonably required.
To have bound him, he ought either to have made a promise to pay, (which is not here pretended) or such an acknowledgment of the debt, from which the law could imply a promise. Now the law implies a promise, where the party ought to promise ; but can we say he ought to have promised, under the circumstances of the present case, the payment of a debt which he supposed had been already paid ? We think we cannot.
Upon the second point, we are of opinion, the court might either have instructed the jury as to the law of the case, and have left them to have determined, afterwards, the factsj or in other words, whether such an aeknow- *304 ledgmént or promise had been made; as was prmted bf the witnesses on the part of the plaintiff; or the court might, taking the whole of the evidence on the part of the plaintiff as true, and the facts sworn to by the Witnesses, as sufficiently proved, instruct the jury as tó the few arising upon those facts. The latter course was pursued by the court in this case ; and so far as We can discover, such was the general practice in the English courts, prior to the revolution ; and such has pretty generally been the practice, both in Virginia and this country.
A&s of 1807, -ih. 7, p. 23.
We have seen but one case where this practice haS. been condemned in the British courts. It is the case of Lbtfd and Maund, 2 Term Rep. There three judges, contrary to the practice adopted by the chief justice at nisi prius, granted anew trial, because he had not left a letter to the jury to put their construction upon it, which had been written by the defendant to the plaintiff. In which case, one of the judges, when speaking of thé strongest part of the letter, says, “ That perhaps doeá contain an insinuation that something was due and} therefore, he concludes, it ought to have been left to'thé jury to put their construction on it.
This case having been decided since the year 1776} cannot be considered as authority in this court; and cart only be useful in shewing to what dangerous lengths thé judges of that country have gone in modern times, itt order to get out of the statute;
Upon the third point, we are of Opinion there: is no error. The record states, that “ the defendant pleaded: non assumpsit, to which the plaintiff replied generally This, although a very informal method of making up art issue, is good after verdict. The nature of the issue to be tried, could not lie misunderstood; and the merits must have been as fairly tried as if the issue had bee# formally made up.-Judgment affirmed.

{a) Cowpi 348 — £fp-. Ni, |ri. 151.